UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GREEN,

                Plaintiff,                      No. 13-12305

v.                                    District Judge Paul D. Borman
                                    Magistrate Judge R. Steven Whalen

TIMOTHY JOHNSON, ET AL.,

                Defendants.

_____ /

## REPORT AND RECOMMENDATION

On May 13, 2013, Plaintiff Thomas Green, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983. Before the Court is Defendant Timothy Johnson's motion for summary judgment [Doc. #17], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

## I.     FACTS

In his complaint, Plaintiff alleges that on July 26, 2012, he put an application for leave to appeal to the Michigan Supreme Court in the prison mail, for expedited mailing. The next day, July 27th, was the final day for filing in the Supreme Court. However, the prison mail room did not mail the application until July 30th, and the Supreme Court did not

receive it until July 31st. The Supreme Court's letter rejecting the application as late was dated July 31, 2012.

Plaintiff contacted the mail room to find out why his application was not sent on an expedited basis. Defendant Johnson, who worked in the mail room, responded that the application had been placed in the wrong outgoing box. Attached to the complaint is a memo from Johnson to Plaintiff, stating that the mail was "mistakenly placed (unlogged) with regular disbursement mail," and was therefore not processed as expeditiously as otherwise possible. Johnson took responsibility "for not catching the error as quickly as [he] did." Plaintiff alleges that Johnson deliberately delayed mailing the application in order to prevent him from filing it in the Supreme Court on time, in violation of his First Amendment right to access the courts.

According to the complaint, the Plaintiff's Supreme Court application involved judicial review of a major misconduct ticket he had received in 2009. He unsuccessfully sought rehearing within the MDOC, and then filed for judicial review in the Oakland County Circuit Court. He was unsuccessful both there and, subsequently, in the Michigan Court of Appeals, which denied leave to appeal on June 15, 2012. The underlying charge involved Plaintiff's possession of sexually oriented photograph of himself and his nine-year-old daughter. The MDOC hearing report is appended to the complaint, as is Oakland County Circuit Court Judge Wendy Potts' order dismissing Plaintiff's appeal as being untimely

filed.1

Appended to Defendant's motion as Exhibit 2 is the affidavit of Timothy Johnson. He states that at all times pertinent to this lawsuit, he was employed in the mail room at the Ryan Correctional Facility. His job duties included sorting incoming mail and posting outgoing mail. He states that on July 30, 2012, he first noticed that an article of legal mail dated July 26, 2012 had been placed in the regular outgoing box. He states further that this mail had not been properly logged as legal mail, and that he does not know who delivered this mail to the mail room. The envelope was sealed, so he did not know the contents. *Johnson Affidavit*, ¶ 4.

Attached to Johnson's affidavit are Plaintiff's grievances regarding this incident. The Step II investigation states that "[t]he governing operating procedure indicates that the legal mail should have been processed by the end of the business day on Friday, 7/27/12…."

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).   To prevail on a motion for summary

---

1 Judge Potts' order states that although Plaintiff was required to file by August 20, 2009, he did not do so until September 23, 2009. She therefore dismissed the appeal as untimely. Plaintiff does not allege that any MDOC personnel were responsible for his late filing in Circuit Court.

judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477

–4–

U.S. at 322-23.

## III.   DISCUSSION

Prison inmates have a constitutionally protected right of access to the courts, grounded in the First Amendment.   *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1988)("It has long been recognized that the lawful resort to the courts is part of the First Amendment right to petition the Government for a redress of grievances").   In *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court held that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial.   In other words, an inmate fails to state a claim "without any showing of prejudice to his litigation." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Further, the Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> "*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."

*Lewis,* 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus–X v.*

*Blatter,* 175 F.3d 378, 391 (6th Cir.1999)(en banc). *See also Surles v. Leach*, 2013 WL 5913388, *15 (E.D.Mich. 2013)(Borman, J.)("[The] right is limited to claims where the underlying action is a direct criminal appeal, a petition for writ of habeas corpus, or a civil-rights action."). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis,* 518 U.S. at 353; *accord Hadix v. Johnson,* 182 F.3d 400, 405 (6th Cir.1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In this case, the Plaintiff pursued a civil appeal of an administrative decision by the MDOC. His case was not a criminal appeal, a habeas corpus action, or a civil rights case, and therefore did not fall within the narrow category of cases that, under *Lewis*, implicate the First Amendment right of access to the courts. For this reason alone, his complaint must be dismissed.

In addition, Plaintiff has not shown, beyond speculation, that Defendant Johnson was personally involved in the delay in sending the application to the Michigan Supreme Court, much less that he intentionally interfered with the timely filing of the application. Johnson states in his affidavit that he did not even discover the Plaintiff's mail until July 30th, and he then immediately mailed it out.[2] He states without contradiction that the

---

[2] MDOC Policy Directive ("PD") 05.03.118, § O provides that inmates' legal mail "shall be processed as soon as possible," and that the Deputy Director shall establish an "expedited process" for outgoing legal mail. The corresponding MDOC Operating Procedure, OP 05.03.118, provides that legal mail "shall be mailed as soon as possible but no later than two business days after the business day it was initially received by Department staff." (The PD and the OP are appended as exhibits to Defendant's motion).

–6–

envelope was sealed, and he did not know what it contained. Nor is there any evidence that Johnson knew that Plaintiff had been convicted of a major misconduct three years earlier, or that he was continuing to appeal that misconduct. Plaintiff has not shown any evidence on which a jury could reasonably find in his favor. *Anderson v. Liberty Lobby, supra; Simmons-Harris v. Zelman, supra*. Defendant Johnson is entitled to summary judgment.3

## IV.    CONCLUSION

For these reasons, I recommend that Defendant's Motion for Summary Judgment [Doc. #17] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.  1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.  1991); *Smith v.*

---

Green mailed the application the same business day that he discovered it. More importantly, however, Plaintiff sent the application to the mail room on July 26, only one day before it was due in the Supreme Court. Under OP 5.03.118, which was available to and presumably known by the Plaintiff, the application could have been mailed as late as July 28, which would have been a day late. As with his untimely filing in Oakland County Circuit Court, it appears that Plaintiff's own lack of diligence, rather than any action by Green, at least partially contributed to the late filing.

3 On January 14, 2014, I filed a Report and Recommendation that Defendant MDOC be dismissed. *See* Doc. #22.

*Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


 Date: February 11, 2014   R. STEVEN WHALEN
             UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on February 11, 2014, electronically and/or by U.S. mail.


        s/Michael Williams
        Case Manager to the
        Honorable R. Steven Whalen

–8–