UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GREEN,

        Plaintiff,

                                                Case No. 13-12305

v.

                                                Paul D. Borman
                                                United States District Judge

TIMOTHY JOHNSON,

                                                R. Steven Whalen
                                                United States Magistrate Judge

                    Defendant.
_____/

OPINION AND ORDER:
DENYING PLAINTIFF'S OBJECTION (ECF NO. 25); ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 24); AND GRANTING DEFENDANT TIMOTHY JOHNSON'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 17)

      On February 11, 2014, Magistrate Judge R. Steven Whalen issued a Report and Recommendation in favor of granting Defendant Timothy Johnson's Motion for Summary Judgment. (ECF No. 24, Report and Recommendation). Plaintiff Thomas Green ("Plaintiff") filed a timely Objection to the Report and Recommendation dated February 27, 2014. (ECF No. 25). Defendant did not respond to Plaintiff's objections.

      This Court previously adopted the Magistrate Judge's Report and Recommendation and granted Defendant Michigan Department of Corrections' Motion to Dismiss. (ECF No. 28). Therefore, Defendant Johnson is now the sole defendant in this action.

      For the reasons stated below, the Court will DENY Plaintiff's Objections, ADOPT Magistrate Judge Whalen's Report and Recommendation, and GRANT Defendant Johnson's Motion for Summary Judgment.

I. BACKGROUND

The pertinent background facts of this matter are set forth in detail in the Magistrate Judge's Report and Recommendation and the Court adopts them here.  (ECF No. 24, 1-3.)  In summary, Plaintiff alleges in his civil rights complaint that on July 26, 2012 he attempted to send an application for leave to appeal to the Michigan Supreme Court by "expedited Legal mail" through the prison mail system.  (ECF No. 1 at 5).  The deadline for the application to appeal was the next day, July 27, 2012.  (*Id.*).

Plaintiff's application was not sent out until July 30, 2012 and was not received by the Michigan Supreme Court until July 31, 2012.  (*Id.*).  Plaintiff then contacted the mail room in an effort to determine why his "his legal documents had been held up."  (*Id.*).  Plaintiff received a letter in response from Defendant Johnson which stated that the "delay was not due primarily to the mailroom [sic].  Your mail was mistakenly placed (unlogged) with regular disbursement mail.  This mail is not processed as expeditiously as the Expedited Legal Mail, obviously.  I do take responsibility in not catching the error as quickly as I did and so again I apologize."  (*Id.* at 12, 8/6/12 Letter).

Plaintiff's application for appeal to the Michigan Supreme Court involved a previous major misconduct ticket he received in 2009 in which he was charged with Sexual Misconduct after an officer found him with an offensive picture of his young daughter in which her undergarments were exposed and Plaintiff's hand appears to be touching her chest.  (ECF No. 1 at 5, 41-42).  Plaintiff was found guilty of the major misconduct by a hearing officer following a hearing.  (*Id.*).  Plaintiff requested a rehearing which was denied and then filed an application for judicial review in the Oakland County Circuit Court.  (*Id.*).  This application was ultimately

2

denied because Plaintiff failed to timely file his claim by August 20, 2009. (*Id.* at 37, 11/16/09 Order). Thereafter, Plaintiff filed an application for leave to appeal that denial with the Michigan Court of Appeals but that application was also denied. (*Id.* at 5). Plaintiff then attempted to file an application with the Michigan Supreme Court but that was (also) denied as untimely. (*Id.* at 5, 11). It is the denial by the Michigan Supreme Court that forms the basis for Plaintiff's current action and his 42 U.S.C. § 1983 claim against Defendant Johnson that he was denied access to the courts.

Defendant submitted an affidavit setting forth the unrebutted version of his involvement with Plaintiff's application. Defendant attested that he was a General Office Assistant at the Ryan Correctional Facility in Detroit, Michigan at the time relevant to this action. (ECF No. 17, Ex. 2, Johnson Aff. ¶ 1). Defendant explained that his "primary job duty" was processing the mail and including "sorting incoming mail for staff and prisoners, inspecting mail, posting outgoing mail, and responding to mail related concerns from prisoners, staff and the public." (*Id.*). Defendant also attested that on Monday July 30, 2012 he discovered Plaintiff's application in the regular outgoing mail and found that it had not been logged in the Legal Mail and Court Filing Fee Logbook, but he did "not know who delivered the article to the mailroom." (*Id.* at ¶ 4). After the discovery of Plaintiff's legal mail, Defendant "processed the article of legal mail on the same morning, and [he] made a notation in the Legal Mail and Court Filing Fee Logbook that stated 'Mistakenly had been placed in inmate outgoing'." (*Id.*). Defendant further testified that while he could tell the envelope was legal mail because it was addressed to a court, the legal mail is delivered sealed to the mail room so he was unaware of the contents of the envelope. (*Id.*).

## II. STANDARD OF REVIEW

3

2:13-cv-12305-PDB-RSW   Doc # 29   Filed 08/14/14   Pg 4 of 9   Pg ID 215

This Court reviews *de novo* the portions of a report and recommendation to which objections have been filed.  28 U .S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  Further, the Court recognizes that the Court must read Plaintiff's *pro se* filings indulgently.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id.* (internal quotation marks and citation omitted).  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

The Defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  This rule provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party bears the initial burden of showing that there is no genuine issue of material fact.  *Matsushita Electric Industrial Co., Ltd., et al. v. Zenith Radio Corp., et al.*, 475 U.S. 547, 587 (1986).  Once this burden is met, the opposing party must produce some facts showing there is a genuine issue for trial.  *Id.*  If a rational trier of fact could not, based on the record as a whole, find in favor of the party opposing summary judgment, then summary judgment is granted in favor of the moving party.  *Id.*  The

4

Court must view the facts and draw all reasonable inferences in favor of the non-moving party.

The Court does not determine if all of the evidence favors one side or the other, but "whether a

fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### III. ANALYSIS

In the Report and Recommendation, Magistrate Judge Whalen found that Plaintiff's claim

that he was denied access to the courts failed for two different reasons. First, because Plaintiff's

underlying legal claim (contesting a major misconduct hearing) does not fall within the narrow

scope of cases for which this right is applicable and second, Plaintiff failed to evidence that

Defendant Johnson was personally involved with the delay of his legal mail.[1]  Plaintiff objects to

---

[1] Plaintiff objects to the Magistrate Judge's conclusions set forth in a footnote in which he noted that the MDOC's Policy Directive provides that inmates' legal mail "shall be processed as soon as possible" and that the an "expedited process" for outgoing legal mail must be established. (ECF No. 24, at 6 n. 2, citing Def.'s Br., Ex. 3, PD 05.03.118, § O). The Magistrate Judge also noted that the MDOC's Operating Procedure regarding expedited legal mail sets forth that all legal mail "shall be mailed as soon as possible but no later than two business days after the business day it was initially received by Department staff." (*Id.*, Ex. 4, OP 05.03.118, at C). The Magistrate Judge reasoned, in *dicta*, that pursuant to the OP, Plaintiff's legal mail, that was sent to the mail room on July 26, could have been sent out in accordance with the OP as late as July 28 – one day past the Michigan Supreme Court's deadline. Accordingly, Plaintiff's expectation that his expedited mail would have reached the Michigan Supreme Court by July 27 was not supported by the record. Plaintiff objects to this reasoning citing to other language in the OP which provided mail room staff had to put the mail in the outgoing mailbag within one business day. (*See* Pl.'s Obj., at 4-5, citing OP 05.03.118, ¶ 15).

First, the Court notes that the Magistrate Judge does not appear to rely upon these facts to reach the conclusion that Plaintiff's claim should be dismissed. However, even assuming this were true, Plaintiff's objection is without merit. Although the language Plaintiff cites indicates that the mail room staff must put the mail in the outgoing mail bag no later than the "next business day", this direction must be read in context of the rest of the operating procedure. Specifically, the operating procedure provides that the mail staff must place the legal mail in the outgoing mail bag *after* the completion of the disbursement process which includes a RUM, ARUS, or case manager's review of the mail, the mail room staff's logging of the designated mail in the "Mail Room Filing Fee Logbook", and resolution of any possible postage requests.

both of the Magistrate Judge's conclusions.

Plaintiff first objects to the Magistrate Judge's finding that his civil appeal of an administrative decision by the MDOC, in which he was sentenced to 30 days loss of privileges (*see* ECF No. 42), is not a claim that implicates the First Amendment.  The Court notes that prison inmates have a constitutionally protected right of access to the courts that is grounded in the First Amendment.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  The Magistrate Judge accurately stated, and Plaintiff does not dispute, that in order to bring a claim for denial of access to the court, an inmate must establish he suffered an actual injury and will fail to state a claim "without any showing of prejudice to his litigation."  *Kenus v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).  The Supreme Court has limited the types of cases for which there may be an actual injury, providing that "the tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  The Sixth Circuit has strictly construed this language concluding "[t]hus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (*en banc*); *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) (denying a prisoner's denial of access claim because the prisoner's property claim filed in state court was not included

---

(*See* OP 05.03.118, ¶¶ 1-16).  Further, the operating procedure illustrates its two business day turn around through the use of this example: "If [legal expedited mail is] received on Tuesday, 9/4/01, by 10:00 am must be in post office as soon as possible, but no later than the end of business day on Thursday, 9/6/01."  (*Id*. at ¶ 6).  It is clear that the Magistrate Judge's reasoning is sound.  Therefore, Plaintiff's objection is denied.

in limited number of actions protected by "the right of access".); *but see Weller v. Dykeman*, No. 10-181, 2012 WL 872398, *3 (D. Vt. Mar. 14, 2012) (discussing and collecting cases from Second Circuit and others and concluding that "the apparent trend in the Second Circuit is to expand the right of access to the courts beyond the circumstances outlined in *Lewis*."). Further, the underlying action must assert a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed "actual injury" to include the requirement that an action be "non-frivolous".).

Plaintiff fails to explain or coherently argue how his civil appeal from a major misconduct ticket that appears to have resulted in a denial of 30 days of privileges constitutes a direct appeal of his conviction, involves a habeas corpus proceeding or a civil rights claim. Therefore, as explicitly provided by the Sixth Circuit, Plaintiff cannot sustain a denial of access to a court claim where his underlying action does not implicate the First Amendment. *See Lewis*, 518 U.S. at 349; *Thaddeus-X*, 175 F.3d at 391.

Plaintiff also appears to argue that the limitation on the types of actions implicated by the First Amendment does not apply in situations of individual acts such as "cover-ups" or when individuals "intentionally conceal the true facts about a crime". (Pl.'s Obj, at 5). However, to the extent Plaintiff is arguing that Defendant intentionally delayed his legal mail delivery the record is devoid of any support fact in that regard, as discussed *infra*. Further, the cases Plaintiff cites in support of this argument are off the mark and relate to situations in which state agents conceal the existence of a crime or a claim such that a plaintiff's ability to seek redress is hampered. *See e.g. Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (plaintiffs alleging denial of access to courts based on the fact a sheriff hid an investigative file regarding their

mother's murder).  Such a situation is not alleged here, where Plaintiff's claim is based solely on

his allegation that Defendant Johnson delayed mailing his application in a timely manner not on

allegations that Defendant Johnson's action concealed or "covered-up" a crime against Plaintiff.

Moreover, even if Plaintiff's underlying claim was a direct appeal, involved a habeas

corpus application or constituted a civil rights claim, Plaintiff's claim fails because he cannot

show that Defendant was personally involved in the alleged denial of Plaintiff's constitutional

rights.  Indeed, Plaintiff does not object to Magistrate Judge's conclusion that Plaintiff must

allege Defendant Johnson's personal involvement in the alleged unconstitutional behavior.  *See*

*Heyerman v. County of Calhoun*, 680 F.3d 642, (6th Cir. 2012); *Gibson v. Matthews*, 926 F.2d

532, 535 (6th Cir. 1991) ("must be based on the actions of that defendant in the situation that the

defendant faced, and not based on any problems caused by the errors of others, either defendants

or non-defendants.").  Rather, Plaintiff claims that he has established Defendant Johnson's

personal involvement in delaying or intentionally delaying his legal mail by simply establishing

that sorting the mail was one of Defendant Johnson's "job dut[ies]".  (Pl.'s Obj. at 5).

It is clear from the uncontradicted record, however, that Defendant Johnson only

discovered Plaintiff's legal mail in the wrong location on July 30, 2012 and immediately rectified

the error.  (*See* Johnson Aff. at ¶ 4).  Viewing the record in the light most favorable to Plaintiff,

the Court finds that Plaintiff cannot show that Defendant Johnson was the person who put

Plaintiff's mail in the wrong location, was the person who delivered the mail that morning, or

that Defendant Johnson intended to delay delivery of Plaintiff's legal mail.  In fact, Defendant

Johnson attested to the fact that he did not know who delivered that legal mail to the mail room.

(*Id.*).  Further, Defendant Johnson could not have known Plaintiff's mail was a time sensitive

8

legal matter as the legal mail is delivered sealed to the mail room.  (*Id*.).  Therefore, the Court

concurs with the Magistrate Judge in finding that Plaintiff has failed to create a genuine issue of

material fact in this regard and summary judgment is appropriate.

## IV. CONCLUSION

For all these reasons, the Court:

(1) DENIES Plaintiff's Objections (ECF No. 25);

(2) ADOPTS the Report and Recommendation (ECF No. 24);

(3) GRANTS Defendant Johnson's Motion for Summary Judgment (ECF No. 17); and

(3) DISMISSES the action with prejudice.

SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 14, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or
party of record herein by electronic means or first class U.S. mail on August 14, 2014.


s/Deborah Tofil
Case Manager

9